**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 1:24-cv-23896-RKA**

KASHYAP BAKHAI, a Florida citizen,

      Petitioner,

vs.

BDO USA, P.C., a Virginia professional corporation,

      Respondent.

**PETITIONER KAYSHAP BAKHAI'S MOTION TO BIFURCATE**
**ENTITLEMENT TO FEES AND SANCTIONS FROM AMOUNT**

Pursuant to Federal Rule of Civil Procedure 54(d)(2)(C), Petitioner Kashyap Bakhai

("Bakhai") respectfully moves the Court for the entry of an order bifurcating the Court's

determination of entitlement on Bakhai's request for sanctions and attorneys' fees from the issue

of amount, in order to allow the Court to first resolve entitlement, and, should the Court

determine that Bakhai is entitled to attorneys' fees, sanctions, or both, then determine amount

should the parties be unable to agree to an appropriate amount. BDO opposes this request to

bifurcate. In support of this motion, Bakhai states as follows:

1.      On July 29, 2025, this Court entered its Order denying BDO's motion to vacate

the arbitral awards in favor of Bakhai, and granting Bakhai's petition to confirm. DE 86, at 26.

The following day, the Court entered final judgment confirming the arbitration panel's awards.

DE 87.

2.      Pursuant to S.D. Fla. L.R. 7.3, Bakhai's motion for attorneys' fees in connection

with this action is due 60 days after entry of judgment, or on September 29, 2025. A draft of the

motion must be provided to BDO by September 2, 2025.  In addition, Bakhai earlier moved for sanctions in connection with BDO's motion to vacate, which the Court denied without prejudice to "re-raise … after this case has concluded…." DE 53.

3.       On August 11, 2025, counsel for Bakhai conferred with counsel for BDO to resolve the judgment and sanctions, attorneys' fee and costs issues, to no avail.

4.       On August 13, 2025, BDO filed a Notice of Appeal from the Court's final judgment. DE 90. In this way, BDO has merely doubled down on its "never-say-die attitude," *B.L. Harbert Int'l, LLC v. Hercules Steel Co.*, 441 F.3d 905, 913-14 (11th Cir. 2006), refusing to accept its arbitral defeat and apparently seeking to signal to its accountants that any challenge to its authority will be met with total defiance.

5.       Accordingly, Bakhai will re-raise his sanctions request, and seek recovery of attorneys' fees and costs within the time frames provided in Local Rule 7.3.

6.       In an effort to narrow the areas of contention, Bakhai respectfully requests that the Court bifurcate entitlement from amount, allowing the parties to litigate entitlement in the hope that the amount sought may be negotiated once the Court resolves entitlement (assuming the Court concludes, as the arbitrators did, that Bakhai is entitled to a fee award).

7.        Federal Rule of Civil Procedure 54 states that the Court "may decide issues of liability for fees before receiving submissions on the value of services." Fed. R. Civ. P. 54(d)(2)(C). Local Rule 7.3(a) similarly provides that "either party may move the Court to determine entitlement prior to submission on the issue of amount." S.D. Fla. L.R. 7.3(a). Courts in this district have regularly bifurcated issues of entitlement from amount in the interests of convenience and to economize litigation. *See Rockwell Property Inc. D/B/A Equator Resort Plaintiff, v. Century Surety Company, Defendant.*, No. 4:23-CV-10083-KMM, 2024 WL

5264411, at *1 (S.D. Fla. Nov. 20, 2024); *Fitzgerald v. McNae*, No. 22-22171-CIV, 2024 WL

4133068, at *1 (S.D. Fla. Sept. 10, 2024); *Marquez v. Nat'l Fire & Marine Ins. Co.*, No. 20-CV-

22791, 2023 WL 4017241, at *2 (S.D. Fla. June 15, 2023); *Gables Ins. Recovery v. United*

*Healthcare Ins. Co.*, No. 13-CV-21142, 2013 WL 4068786, at *2 (S.D. Fla. Aug. 12, 2013).

8.      Here, bifurcation will be more efficient and economical, allowing the parties to

fully brief, and the Court to resolve, the threshold entitlement issues before delving into

appropriate amounts.

WHEREFORE, Bakhai respectfully requests that the Court enter an order bifurcating the

threshold issue of entitlement to sanctions, fees, or both, prior to addressing the amount, and

allowing Bakhai up to and including August 22, 2025 to file his renewed sanctions motion and

motion for attorneys' fees and costs.

Dated:  August 15, 2025                         Respectfully submitted,

                                                COFFEY BURLINGTON, P.L.
                                                2601 South Bayshore Drive, Penthouse One
                                                Miami, Florida  33133
                                                Telephone:  (305) 858-2900

                                        By:    s/   Paul J. Schwiep
                                                Paul J. Schwiep, Fla. Bar No. 823244
                                                PSchwiep@CoffeyBurlington.com
                                                Daniel F. Blonsky, Fla. Bar No. 972169
                                                DBlonsky@CoffeyBurlington.com
                                                YVB@CoffeyBurlington.com
                                                GRoque@CoffeyBurlington.com
                                                service@CoffeyBurlington.com

                                                and

Case No. 1:24-cv-23896-RKA

YANOWITCH + CO.
232 Andalusia Avenue, Suite 202
Coral Gables, Florida  33134
Telephone:  (305) 443-2100

By: */s/ Peter J. Yanowitch*
Peter J. Yanowitch, Fla. Bar No. 337196
peter@yancolaw.com

*Counsel for Petitioner*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 15, 2025, I electronically filed the foregoing with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record on the Service List below via transmission of Notice of Electronic Filing generated by CM/ECF.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that I conferred with counsel for BDO in a good faith effort to resolve the issues presented, but BDO opposes the relief requested.

s/   Paul J. Schwiep

Case No. 1:24-cv-23896-RKA

| Service List | |
|---|---|
| MCDERMOTT WILL & EMERY LLP<br><br>**Michael J. Sheehan, Esq.**<br>Admitted *pro hac vice*<br>Msheehan@mwe.com<br>444 West Lake Street, Suite 4000<br>Chicago, Illinois  60606<br>Telephone:  (312) 984-2040<br><br>**Jeremy White, Esq.**<br>Admitted *pro hac vice*<br>Jmwhite@mwe.com<br>**Julie H. McConnell, Esq.**<br>Admitted *pro hac vice*<br>jmcconnell@mwe.com<br>The McDermott Building<br>500 North Capitol Street, NW<br>Washington, DC  20001-1531<br>Telephone:  (202) 756-8694<br><br>*Counsel for Respondent* | MCDERMOTT WILL & EMERY LLP<br><br>**Audrey Pumariega, Esq.**<br>apumariega@mwe.com<br>**Kamal Sleiman, Esq.**<br>ksleiman@mwe.com<br>333 Southeast 2nd Avenue, Suite 4500<br>Miami, Florida  33131-2184<br>Telephone:  (305) 329-4486 (Pumariega)<br>Telephone:  (305) 329-4420 (Sleiman)<br>jkohlasch@mwe.com<br>mblancoaleman@mwe.com<br>amonestime@mwe.com<br>maustin@mwe.com<br>nmoya@mwe.com<br><br>*Local counsel for Respondent* |