**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**CASE NO. 1:24-cv-23896-ALTMAN/LETT**

**KASHYAP BAKHAI,**

       Petitioner,

v.

**BDO USA, P.C.,**

       Respondent.

_____/

**OMNIBUS ORDER RELATED TO PETITIONER'S VERIFIED MOTION FOR
AN AWARD OF FEES**

THIS CAUSE comes before the Court on Petitioner's Verified Motion for an Award of Fees and Sanctions and Motion to Compel Disclosure from BDO (the "Motion") [ECF No. 179]. Respondent submitted its Opposition to Petitioner's Motion for an Award of Attorneys' Fees and Sanctions [ECF No. 181], and Petitioner submitted his Reply to Respondent's Opposition to Petitioner's Verified Motion for an Award of Attorneys' Fees and Sanctions [ECF No. 182]. The Motion is fully briefed and ripe for ruling.

Also before the Court is Petitioner's Motion for an Order Preserving Attorney-Client and Work Product Protections, or in the Alternative, for an In-Camera Inspection of Unredacted Attorney Invoices ("Protections Motion") [ECF No. 176].

Having reviewed the Motion and the Protections Motion, the relevant authority, and otherwise being fully advised in the premises, the Motion is hereby granted in part and denied in part, and the Protections Motion is granted.

## I.   BACKGROUND

The Court recites only those facts necessary to rule on this Motion.  On January 30, 2026, this Court granted Petitioner's Motion for Sanctions and Attorneys' Fees. [ECF No. 171]. The order imposed sanctions against BDO in the amount of Petitioner Kashyap Bakhai's ("Bakhai") reasonable attorneys' fees and costs incurred in connection with litigation to confirm the Final Arbitration Award and granted Bakhai his reasonable attorneys' fees and costs as the prevailing party. *See* Order on Pet. Mot. for Sanc. 16. The order further directed Bakhai to file a separate motion and supporting documentation setting forth the amount of fees and costs sought, with appropriate billing records and lodestar analysis consistent with Local Rule 7.3. *Id*. The instant Motion and corresponding memoranda followed.

In compliance with the Southern District of Florida Local Rule 7.3, Petitioner submitted a draft of his Verified Motion for an Award of Fees and included his attorney's invoices.

## II.   LEGAL STANDARD

The federal "lodestar" method is used to determine reasonable attorney's fees. *See Norman v. Hous. Auth. of the City of Montgomery,* 836 F.2d 1292 (11th Cir.1988); *see also Wendell v. USAA Cas. Ins. Co.*, No. 8:08-cv-536-T-23EAJ, 2008 WL 1971451, at \*1 (M.D. Fla. July 8, 2009). This method begins by determining the reasonable

hourly rate, then multiplying it by the number of hours reasonably expended by counsel. *E.g., Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); *Norman*, 836 F.2d at 1299; *Harbaugh v. Greslin*, 365 F. Supp. 2d 1274, 1279 (S.D. Fla. Apr. 12, 2005).

The movant bears the burden of ensuring he documents appropriate hours and rates. *See Am. Civ. L. Union of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). When a Court awards attorney's fees, the Court is "not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Id.* at 428. Concurrently, the opposing party must satisfy his duty to supply specific and reasonably precise objections regarding the exclusion of hours. *Id.* The ultimate inquiry for these exclusions "must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

1. Reasonable Hourly Rates

The reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *See Norman*, 836 F.2d at 1299. The Eleventh Circuit has approved of courts considering "the twelve factors discussed in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)." *Loranger*, 10 F.3d at 781 n.6. *Johnson* sets forth numerous factors for determining the prevailing market rate, including (1) time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the

preclusion of other employment; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the awards in similar cases. *Johnson*, 488 F.2d at 717–719.

### 2.  Hours Reasonably Expended

The number of hours reasonably expended by an attorney requires the exclusion of hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Am. Civ. Liberties Union of Ga.*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301). In other words, the courts "should exclude from this initial fee calculation hours that were not 'reasonably expended.'" *See Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (quoting S. REP. No. 94-1011, at 6 (1976)).

Fee applicants must exercise what the Supreme Court has termed "billing judgment." *Ry. Exp. Agency v. Mallory*, 168 F.2d 426, 428 (5th Cir.1948) (quoting *Hensley*, 461 U.S. at 434). "[R]easonably competent counsel do not bill hours that are 'excessive, redundant, or otherwise unnecessary.'" *Horowitz v. Allied Marine, Inc.*, No. 21-CV-60358 (Altman, J.) (S.D. Fla. Jan. 28, 2026) (quoting *Hensley*, 461 U.S. at 434). Accordingly, "[c]ounsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such

hours from his fee submission." *Hensley*, 461 U.S. at 434. The burden rests on the movant to submit detailed documentation that is helpful to determine the amount of fees to properly and reasonably award. *Am. Civ. Liberties Union of Ga.*, 168 F.3d at 427.

## II.   ANALYSIS

### A. Maintenance of Priviege

Southern District of Florida Local Rule 7.3 governs attorneys' fees and costs. It requires "a good faith effort to resolve the motion" before filing the motion with the court. S.D. Fla. L.R. 7.3(a). In compliance with this rule, Petitioner submitted to Respondent the draft motion and fee detail without redaction. "This Local Rule's requirements of disclosure are not intended to require the disclosure of privileged, immune, or protected material." *Id.* Here, however, following the filing of the Protections Motion, it appears Petitioner did just that.

The Court will not penalize Petitioner for his revelation in the context of a fee award where he, prior to the revelation, sought to preserve privilege.

### B. Reasonableness of Hourly Rates

The Court has reviewed the materials submitted by Petitioner establishing the hourly rates it seeks in this matter. Because the Court 1) agrees that the rates are fair, reasonable, and within the customary hourly rates charged in this legal community and 2) notes that Respondent does not contest the hourly rates at issue (Resp. 2 n.2), the Court's analysis as to the hourly rates ends here.

C. Hours Reasonably Expended

The Respondent does, however, contest the billing judgment of Bakhai's counsel. *See* Resp. 2. Specifically, Respondent alleges Bakhai's $285,596.25 demand for fees includes (A) impermissible duplicative staffing; (B) impermissibly inflated quarter-hour billing practices; and (C) imprecise billing descriptions that foreclose meaningful review. *Id*. Bakhai contends its fee demand is reasonable and Respondent's failure to propound rebuttal expert testimony allows the Court to credit Petitioner's uncontroverted expert testimony in support of the fee award. Reply at 6. Although Bakhai cites caselaw in support of its above-mentioned proposition, expert testimony aids the Court only as to the determination of a reasonable hourly rate, not the hours expended analysis. *M.H. v. Comm'r of the Ga. Dep't of Cmty. Health*, 656 F. App'x 458, 462 (11th Cir. 2016) (holding "[t]he district court did not abuse its discretion by crediting Plaintiff's expert's unrebutted affidavit *in setting the reasonable hourly rates*") (emphasis added). Because of this distinction, the Court will conduct an analysis taking both parties' positions into account, not just Petitioner's.

As it relates to the hours expended analysis, the Supreme Court requires fee applicants to exercise "billing judgment." *See Hensley*, 461 U.S. at 434., 103 S.Ct. at 1933. The Court should determine whether the hours expended were necessary to the litigation, and not just whether the hours were reasonably expended. *See M.H.*, 656 F. App'x at 462. In the instant case, the overall relief sought by Petitioner included the confirmation of a hotly contested arbitration award and litigation stemming from Respondent's opposition to and motion to vacate the arbitration award. *See* Pet. to

6

Confirm Arb. Award and Entry of Final J., ECF No. 1; *see also* Resp. Opp'n. to Pet. to Confirm Arb. Award and Entry of Final J., ECF No. 23. This action commenced in October of 2024, and Judge Roy Altman entered final judgment July 30, 2025. *See* Final J., ECF No. 87. Over the 295-day period of litigation, the parties engaged in voluminous motion practice and collection efforts making up the majority of the nearly 200 filings on the docket.

Bakhai's billing records establish the law firm of Coffey Burlington expended 262.20 hours in this matter. Decl. of Paul J. Schwiep 3, ECF No. 179-1. The time entries establish six attorneys contributed their time. *Id.* at 23. Although redundant hours may "occur where more than one attorney represents a client," *ACLU of Ga. v. Barnes*, 168 F.3d 423, 432 (11th Cir. 1999) (citation omitted), "[t]here is nothing inherently unreasonable about a client having multiple attorneys," especially if the entries "reflect[] the distinct contribution of each lawyer to the case and the customary practice of multiple-lawyer litigation." *Id.* While Respondent highlights billing entries that it deems duplicative, *see* Resp. 4, Coffey Burlington's time entries establish the majority of the work represents distinct contributions. For example, page 17 of the time entries sheet established the attorneys' time ranged from working "on my section" of a sanctions motion, to conferring with opposing counsel, meeting with the client, and conducting case law research. Decl. of Paul J. Schwiep 17, ECF No. 179-1. This time entry, and others, established that generally, each attorney uniquely contributed to the case without redundancy. However, because some of the

entries include duplicative work, *see generally* Resp. 4, the Court imposes a 5% fee reduction.

Additionally, Bakhai submitted time entries establishing that co-counsel, Yanowitch & Co., expended 76.75 hours in this matter as Bakhai's "longtime personal counsel." Decl. of Sean R. Santini 6, ECF No. 179-3. The majority of the Yanowitch time entries include improper quarter-hour billing increments (*see* generally Decl. of Peter J. Yanowitch, ECF No. 179-2), and a number of the entries are vague as Respondent notes. *See* Resp. 6. The fees will be reduced on these bases. *See Yellowbook Inc. v. Brandeberry*, 708 F.3d 837, 849 (6th Cir. 2013) (affirming district court's reduction of fees and finding that quarter-hour billing was not reasonable); *see also ABC Charters, Inc. v. Bronson*, No. 08-21865CIVGOLDMCALI, 2010 WL 1332715, at *3 (S.D. Fla. Mar. 16, 2010) (stating quarter-hour billing "does not accurately reflect the number of hours spent on each task and is very likely to inflate the time Plaintiffs' attorneys devote[d] to this case"); *George v. GTE Directories Corp.*, 114 F. Supp. 2d 1281, 1292 (M.D. Fla. Aug. 28, 2000) (reducing fee award and stating quarter-hour billing is "entirely unacceptable"); *Conley v. Vacanti*, No. 23-CV-60384-AHS, 2026 WL 177595, at *11 (S.D. Fla. Jan. 22, 2026), *report and recommendation adopted*, No. 23-60384-CIV, 2026 WL 923346 (S.D. Fla. Apr. 6, 2026) (reducing fee award and stating "a court may deduct time if it finds that billing entries are unacceptably vague…").

Specifically, the majority of the Yanowitch entries are billed in increments of .25 that simply comprise of email review and drafting. *See* Resp. 5. Accordingly, the

Court imposes a 25% reduction of the Yanowitch & Co.'s attorney fee award. *See Yellowbook Inc.*, 708 F.3d at 849 ("[h]owever, as the concern with quarter-hour increments is over-billing, only fee reductions, not fee denials, are a proper exercise of discretion.").

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** that Petitioner's Verified Motion for an Award of Fees and Sanctions and Motion to Compel Disclosure from BDO [ECF No. 179] is hereby **GRANTED** in part and **DENIED** in part as follows:

1. The Court **AWARDS** Petitioner fees in the amount of $222,100.50 as it relates to the Coffey Burlington firm.

2. The Court **AWARDS** Petitioner fees in the amount of $38,854.69 as it relates to the Yanowitch & Co. firm.

3. The Court **DENIES** Petitioner's request to impose further sanctions and compel Respondent to identify the number of timekeepers who billed time to this matter and the total fees incurred.[1]

It is further **ORDERED AND ADJUDGED** that Petitioner's Motion for an Order Preserving Attorney-Client and Work Product Protections, or in the Alternative, for an In-Camera Inspection of Unredacted Attorney Invoices [ECF No.

---

[1] The Court directed Petitioner to file a separate motion and supporting documentation setting forth the amount of fees and costs sought, with appropriate billing records and lodestar analysis, nothing else. Name of Document at 16. Therefore, the Court will not breathe life into Petitioner's attempt to expand the Court's prior ruling.

176] is **GRANTED** insofar as the attorney-client and work product privileges are preserved, and the disclosure of billing records did not waive those protections.

    **RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on this 2nd day of July 2026.

**ENJOLIQUÉ A. LETT**
**UNITED STATES MAGISTRATE JUDGE**

cc:  All Counsel of Record